UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANDRE WINSTON,<br>    Plaintiff,<br><br>v.<br><br>CLEAVINGER et al.,<br>    Defendants. | Case No. 24-4227 |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Andre Winston, a resident of the Illinois Department of Human Services Treatment and Detention ("TDF") Facility under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq*. Plaintiff also filed a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3) and a Motion for Status (Doc. 5.)

### I.   Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.   **Factual Allegations**

Plaintiff identifies the following TDF officials: Cleavinger, G. Donathan, and John and Jane Does.

On March 27, 2024, Plaintiff was returning to TDF from a medical referral to an outside hospital. Upon his return, Defendant Cleavinger ordered Plaintiff to submit to a strip search. Plaintiff states that Cleavinger asked him to position his naked body so that Cleavinger could observe certain body parts. Plaintiff also recounts a second time Cleavinger repeated his demands on November 13, 2024.

III.   **Analysis**

Plaintiff's IFP Petition (Doc. 3) is granted.

"There is no question that strip searches may be unpleasant, humiliating, and embarrassing to prisoners, but not every psychological discomfort a prisoner endures amounts to a constitutional violation." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). "[O]nly those searches that are maliciously motivated, unrelated to institutional security, and hence totally without penological justification are considered unconstitutional." *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). Even where searches are justified by a valid penological reason, "the manner in which the searches were conducted must itself

pass constitutional muster." *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009). Therefore, a search of a prisoner may violate the Eighth Amendment if it is "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun*, 319 F.3d at 939.

The Court concludes that Plaintiff states a Fourteenth Amendment claim against Defendant Cleavinger for the strip searches conducted on March 27 and November 13, 2024. However, Plaintiff does not state a claim against Defendants Donathan or Does, as he has not alleged any personal involvement in the claimed deprivation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in [constitutional] violations are responsible.").

Plaintiff's IFP Petition (Doc. 3) is granted. The Clerk of the Court is directed to calculate the one-time, reduced filing fee amount under 28 U.S.C. § 1915(b)(1). Plaintiff's Motion for Status (Doc. 5) is moot with the entry of the Court's Merit Review Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's IFP Petition (Doc. 3) is GRANTED. The Clerk of the Court is DIRECTED to calculate the reduced filing fee amount under 28 U.S.C. § 1915(b)(1).**

2) **Plaintiff's Motion for Status (Doc. 5) is MOOT.**

3) **According to the Court's merit review of Plaintiff's complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a Fourteenth Amendment Claim against Defendant Cleavinger for the strip searches conducted on March 27 and November 13, 2024. Any additional claims shall not**

be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

13) The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED June 23, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE